UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-04260-PSG (SK) | Date | June 24, 2020 |
|---|---|---|---|
| Title | Michael Hernandez Gonzalez v. Strling Price et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner detained at Atascadero State Hospital. He seeks to proceed in forma pauperis (IFP) with a complaint under 42 U.S.C. § 1983, alleging inadequate medical care by two doctors and two supervisors. (ECF 1). But, at the outset, his IFP application cannot be granted and his complaint cannot be served unless he fixes the following deficiencies.

First, Plaintiff must include a certified copy of his trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2); L.R. 5-2. Without that certified statement, Plaintiff cannot proceed with his complaint unless he decides to pay the full amount of the filing fee. Nothing in the docket of the Eastern District of California, from where this case was transferred, reveals that the District Court there received the trust account statement before the transfer. *See* E.D. Cal. Case No. 20-cv-00653-BAM.

Second, Plaintiff must explain how this Court has jurisdiction over his claim against Drs. Perez and McGee when he admits that he did not exhaust this claim at the prison first. (ECF 1 at 5). Federal law requires that inmates exhaust available administrative prison remedies before they can sue under § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). At the time of the incidents in the complaint, Plaintiff had to complete three levels of administrative review. *See* 15 Cal. Code Reg. §§ 3084.1(b), 3084.7 (2011). Without that mandatory exhaustion, the Court lacks jurisdiction over this claim. *See Lira v. Herrera*, 427 F.3d 1164, 1170-71 (9th Cir. 2005). Otherwise, if he had exhausted this claim, it could be served on Drs. Perez and McGee in their individual capacities. *See, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, the Court's required screening of the complaint under 28 U.S.C. § 1915A shows that Plaintiff has stated no facially plausible claims against Executive Directors Strling Price and Jason Black. (ECF 1 at 2). Supervisors cannot be liable for the acts of their subordinates under § 1983 just because of their supervisory role. They may be sued in federal court for civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-04260-PSG (SK) | Date | June 24, 2020 |
|---|---|---|---|
| Title | Michael Hernandez Gonzalez v. Strling Price et al. | | |

rights violations only if they were "personally involved in the constitutional deprivation" or "a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). Without facts plausibly suggesting these elements, Plaintiff has no actionable claim against these two supervisors. (Whether they can be subject to prison discipline or sued under state law is a different matter that has nothing to do with § 1983.)

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **July 24, 2020** why his in forma pauperis application should not be denied and his complaint dismissed.

To avoid that outcome, Plaintiff must first file a complete form CV-60P (attached here) that authorizes disbursements from his prison trust account and includes a certified copy of his trust account statement for the last six months.

At the same time, Plaintiff must respond in writing and explain (1) how this Court has jurisdiction if he has not exhausted his claim against the two treating doctors and (2) how the supervisors could be held liable for the acts of their subordinates just because of their supervisory role. He can file an amended complaint, as well, so long as it addresses the deficiencies described above. On the other hand, if Plaintiff no longer wishes to pursue this action or wants to refile after he has administratively exhausted his actionable claims, he may voluntarily dismiss the action without prejudice using the attached form CV-09. Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

**If Plaintiff fails to comply with this order, however, and files none of the required documents on time, the Court may recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**