UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-4260-PSG (SK) | Date | January 4, 2021 |
|---|---|---|---|
| Title | Michael Hernandez Gonzalez v. Strling Price et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Erica Valencia | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE FOR FAILURE TO SERVE DEFENDANT PEREZ**

On September 16, 2020, the Court ordered service of the complaint by the U.S. Marshal's Service ("USMS") on Defendants Stirling Price, Jason Black, Dr. Perez, and Dr. McGee. (ECF 24). The deadline to complete service on all Defendants was December 15, 2020. (*Id*. at 4). Defendants Price, Black, and McGee waived service of summons in November and made their appearances. (ECF 48, 50, 52). But the USMS could not serve Defendant Perez because he is a contractor who could not be located. (ECF 54, 61). While Plaintiff "is entitled to rely on the U.S. Marshal for service of the summons and complaint," he still bears the ultimate responsibility to ensure proper service occurs, namely, by providing to the USMS "the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). It is not the responsibility of the USMS to find the addresses of unserved defendants.

Thus, Plaintiff is ordered to show cause by **February 3, 2021** why the Court should not dismiss the complaint against Defendant Perez for Plaintiff's failure to serve and prosecute. *See* Fed. R. Civ. P. 4(m). If Plaintiff is unable to locate this Defendant, Plaintiff may voluntarily dismiss them by submitting the attached Notice of Voluntary Dismissal as to Defendant Perez only. **Plaintiff's case would then proceed against Defendants Price, Black, and McGee. Serving Defendant Perez is not a prerequisite for Plaintiff's case to proceed.** Plaintiff's total recovery—if he succeeds in this action—depends on the extent of his alleged injury, not the number of defendants named or claims alleged. *See Condon v. Condon*, 2008 WL 11338437, at *4 (C.D. Cal. June 6, 2008). If anything, naming too many parties and alleging too many claims, without the necessary factual or legal merit, may only complicate service of process, discovery, and motion practice. It then leads to inevitable delays, preventing Plaintiff's case from being decided on the merits.

**IT IS SO ORDERED.**